UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 WELFARE FUND; PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 PENSION FUND; PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 BUILDING AND MAINTENANCE ASSESSMENT FUND; PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 JOINT APPRENTICESHIP FUND; PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 401(K) PLAN; PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 INDUSTRY ADVANCEMENT FUND; PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 ORGANIZING AND SUBSIDY FUND; PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> MIDWEST UNDERGROUND, INC., <br><br> Defendant. | Case No. 4:15-cv-04144-SLD-JEH |

ORDER

Plaintiffs Plumbers and Pipefitters Local Union No. 25 Welfare Fund; Plumbers and Pipefitters Local Union No. 25 Pension Fund; Plumbers and Pipefitters Local Union No. 25 Building and Maintenance Assessment Fund; Plumbers and Pipefitters Local Union No. 25 Joint Apprenticeship Fund; Plumbers and Pipefitters Local Union No. 25 401(K) Plan; Plumbers and

Pipefitters Local Union No. 25 Industry Advancement Fund; Plumbers and Pipefitters Local Union No. 25 Organizing and Subsidy Fund; and Plumbers and Pipefitters National Pension Fund brought this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1132, 1145 (hereinafter "ERISA") for Defendant Midwest Underground's ("Midwest") failure to make fringe benefit contributions as required by a collective bargaining agreement, and the parties entered into a settlement agreement to settle the dispute.  Midwest failed to abide by the terms of the agreement, so Plaintiffs filed a Motion to Enforce the Terms of the Settlement Agreement and Enter Judgment Against Defendants, ECF No. 14.[1]  The motion is GRANTED.

## I.    Background

On June 21, 2016, the parties reported to the Court that they had signed a private settlement agreement.  Joint Mot. to Vacate 1, ECF No. 13.  The agreement provided that Midwest remit to Plaintiffs a lump-sum payment of $78,903.72 for unpaid contributions, liquidated damages, and interest.  Settlement Agreement ¶ 3, ECF No. 14-1.  Plaintiffs agreed to waive their claim to attorney fees and costs if Defendant made payment of the agreed amount by August 5, 2016.  *Id.*  Defendant did not make the payment as promised.  On August 15, 2016, Plaintiffs filed the presently considered motion to enforce the settlement agreement.

## II.   Court's Enforcement of Settlement Agreement and Entry of Judgment

A district court possesses inherent powers to enforce a settlement agreement of a case pending before it, particularly if the settlement agreement is completed.  *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995).  By fully executing the agreement, Midwest indicated willingness to be bound by its terms, including: (1) a merger clause stating that the "Agreement contains the entire agreement" between the parties, Settlement Agreement ¶ 9; and (2) that nonpayment by

---

[1] The Motion was erroneously titled "Motion to Enforcing the Terms of the Settlement Agreement . . ." The Court refers to it in this Order as a "Motion to Enforce the Terms of the Settlement Agreement . . ."

August 5, 2016 would entitle Plaintiffs "to file a motion with the Court for the sole purpose of obtaining a judgment against the Company." *Id.* at ¶ 5.  That judgment amount would include the originally agreed lump-sum payment, previously waived attorneys' fees and costs, and additional attorneys' fees and costs.  *Id.*

At the August 19, 2016 teleconference, Midwest agreed it had entered into the settlement agreement authorizing the Court to enter judgment against it if it did not make the promised payment by August 5, 2016.  Midwest further indicated it would not contest the Plaintiffs' motion to enforce the agreement.  Aug. 19, 2016 Minute Entry.  Midwest has not filed a written response to the Motion to Enforce.  *Cf. Sims-Madison v. Inland Paperboard & Packaging, Inc.*, 379 F.3d 445, 449 (7th Cir. 2004) (holding that the Court's inherent authority to enforce a settlement agreement is limited when the parties dispute the terms of the agreement).

The Court finds that the parties executed a complete and valid written settlement agreement, which Midwest violated when it did not pay the agreed amount by August 5, 2016.  Pursuant to its jurisdiction to enforce settlement agreements in cases pending before it, the Court hereby enters judgment against Defendants for $82,707.22, including the originally agreed payment amount of $78,903.72, the previously waived attorneys' fees and costs of $2,935.50, and $868.00 in ongoing attorneys' fees.

## CONCLUSION

The Plaintiffs' Motion to Enforce the Terms of the Settlement Agreement and Enter Judgment Against Defendants, ECF No. 14, is GRANTED.  Judgment is entered for Plaintiffs and against Defendant for a total sum of $82,707.22.

Entered November 21, 2016.

                                          s/ Sara Darrow
                                         SARA DARROW
                              UNITED STATES DISTRICT JUDGE